[No. 20871.　Department Two.　June 7, 1928.]

EVA LINDSAY, *Respondent,* v. M. S. LINDSAY, *Appellant.*[1]

[1] APPEAL AND ERROR (440)—REVIEW—HARMLESS ERROR—STRIKING AFFIRMATIVE DEFENSE.　Error cannot be assigned on striking an affirmative defense, where the facts thereof were made a part of the record and appellant had the benefit thereof.

[2] HUSBAND AND WIFE (17)—WIFE'S SEPARATE ESTATE—GIFTS— RIGHT OF HUSBAND.　Where a husband gave his wife credit at a store, he is primarily liable thereon; and on paying the bill, he has no right, as between himself and his wife, to her personal property which she had been compelled to pledge as security, and which the store had assigned to him on his paying the bill.

[3] COMPROMISE AND SETTLEMENT (4)—OPERATION AND EFFECT— SUBSEQUENT MATTERS.　A compromise agreement, settling all matters in difference between a husband and wife, does not conclude the parties upon a related matter which arose subsequently to the compromise, when the husband, by paying a bill for which he was primarily liable, obtained and sought to retain personal property of the wife which she had pledged as security for the bill.

[4] HUSBAND AND WIFE (40)—ACTIONS BETWEEN—IN RESPECT TO WIFE'S SEPARATE PROPERTY—GIFT OF CREDIT.　The fact that the wife, after institution of a divorce suit, purchased property in excess of her immediate needs, upon a credit given her, does not show bad faith, as a matter of law, where the credit was not withdrawn, and the divorce decree, later entered, made no disposition of the property.

Appeal from a judgment of the superior court for Spokane county, Witt, J., entered May 10, 1927, upon the verdict of a jury in favor of the plaintiff, in an action for conversion.　Affirmed.

*Robertson & Paine,* for appellant.

FULLERTON, C. J.—The respondent, Eva Lindsay, instituted this action against the appellant, M. S. Lind-

[1] Reported in 267 Pac. 777.

say, to recover the value of certain jewelry and a certain seal-skin coat, which she claimed to be her property, and which she alleges the appellant converted to his own use. There was a trial by jury, in which a verdict was returned in favor of the respondent for the value of the jewelry, and against her as to the value of the coat. A judgment was entered in accordance with the verdict, and M. S. Lindsay appeals from that part of it which is adverse to him.

The facts, in the main, were not in dispute, and, in so far as they were controverted, the evidence abundantly supported the findings of the jury. The respondent and the appellant intermarried on August 25, 1925. The appellant is a resident of the state of Idaho, and in the month of October following, instituted a suit in a district court of that state seeking to have the marriage annulled. Personal service was had on the respondent, and a decree was entered on November 2, 1925, granting to the appellant the relief sought.

The jewelry, the value of which is here in question, consisted of a wrist watch and two finger-rings, and were gifts made by the appellant to the respondent in the early part of the marriage relation. At about the same time, the appellant established a credit for the respondent at a merchandise store in the city of Spokane, authorizing her to purchase from the store such clothing and personal effects as she desired. The respondent, on the credit thus established, purchased from the store clothing and personal effects of the value of $348.43, the major part of which was perhaps purchased after the service of the summons in the annulment suit was made upon her. After the suit was begun, the appellant also gave the respondent a credit at a bank, by which she was authorized to draw from the bank $12.50 per week for twenty-six weeks.

On the day following the decree, there was a balance of $150 remaining unpaid on the credit account, and on that day the appellant paid the balance to the respondent, taking from her a receipt to the effect that the payment was in full of all demands against him of every kind and character.

Whether the appellant knew that the charge account stood against him at the merchandise store at the time of the settlement, or whether the respondent knew it had not then been paid, does not appear, although it is inferable from the record that each of them was ignorant of the true situation. When the account was thereafter presented to the appellant he denied liability for its payment. The store then called upon the respondent to pay it, and she went to the store and pledged the jewelry here in question for that purpose. The pledge agreement was reduced to writing. It recited that the property was taken at the agreed value of $125; that the respondent had the right to redeem it within thirty days, and that if she did not do so, the pledgee should have the right to sell the property and apply the proceeds of the sale to the payment of the account; and that the pledgor waived all claim and title to the property, save the right to redeem. The respondent did not redeem within the time limited, and thereafter the appellant paid to the store the amount of the account in full, took an assignment thereof and an assignment of the store's right to the jewelry, and took the jewelry into his possession. The matter was in this situation when the present action was instituted.

[1] The appellant first assigns as error the action of the court in striking one of his affirmative defenses. The complaint of the respondent, while it disclosed that the appellant and the respondent were once hus-

band and wife, did not disclose that there had been a cessation of that relation. As one of his affirmative defenses to the action, the appellant pleaded the decree of annulment. The plea was a general statement that such a decree had been rendered in a court of competent jurisdiction of the state of Idaho, after personal service on the respondent and after her appearance in the suit, together with a recital of the causes for which the decree was granted. The respondent first replied to the defense, in which she admitted "that an annulment of marriage between" the parties was entered in the court named, but denied the other allegations contained therein. Some time later, and before the cause was called for trial, the respondent, without making any reference to her pleading, moved to strike the defense on the ground that it was sham and frivolous, which motion the court granted by a formal order entered at that time. During the trial of the action some question arose as to the decree, and the respondent again orally moved to strike the defense. The court then announced that it granted the motion, although it does not appear that it entered any further order with respect thereto. It is on these orders that the present assignment of error is based. But it is our opinion that the question is not now of consequence. If the question of the annulment of the marriage was material at all, it was the fact of annulment and not the plea of the fact to which the appellant was entitled, and the fact sufficiently appears in the record. The appellant therefore suffered no injury from the rulings made on the motions to strike the plea.

[2] At the conclusion of the evidence, the appellant moved for a judgment of nonsuit against the respondent, which motion the trial court denied. In support of his contention that the denial of the motion

was error, the appellant first argues that the respondent was primarily liable to pay for the articles purchased, and that she can not reclaim the property she pledged for their payment without refunding the amount he advanced for that purpose, or, at least, the amount at which the articles were valued when placed in pledge. But if we grant that the appellant gave the respondent the credit which she claims, it follows, we think, that he, and not she, was primarily liable for the obligation created for the articles purchased thereon. The credit was as much a gift as was the jewelry itself, and any article of property she obtained within the contemplation of the gift was as much her individual property as it would have been had the appellant purchased it outright and presented it to her. It may be that the respondent was liable to the seller for the payment of the purchase price of the articles purchased, but whether she was so or not in no way affects her rights as between herself and the appellant, assuming, of course, that the property was a gift to her by the appellant. He could not in that situation by paying the obligation obtain title to any property she had pledged for its payment.

[3] The next contention in this connection is that the agreement evidenced by the receipt before mentioned is a bar to the right of the respondent to recover the property or its value. But assuming that the receipt was a compromise agreement settling all matters of controversy existing between the parties at that time, we can not conclude that it applies to the controversy here involved. The controversy was not then pending between them, and arises out of transactions occurring subsequent to the giving of the receipt. The renunciation of all rights, claims and pretensions expressed or implied in a compromise agreement extends, as a general rule, only to those differences which then

exist between the parties, and not to those arising out of subsequent transactions. It is true that the subsequent transaction may sometimes be so closely related to those occurring prior to the settlement as to be embraced therein, but, plainly, the transactions here in question are so far disconnected with the prior dealings as not to fall within the exception.

[4] A third objection is that the circumstances under which the articles were purchased were such as to show bad faith on the part of the respondent. This objection has its foundation in the fact that a part of the articles were purchased after the service of the summons upon the respondent in the annulment suit, and in the fact that the quantity purchased was possibly in excess of the respondent's immediate needs. But we can not conclude that the inference of bad faith that arises from the facts recited was such as to warrant the court in declaring, as a matter of law, that there could be no recovery of the value of the jewelry. The respondent was not bound at that time to anticipate the final decree in the case, and the appellant did not then countermand the order granting her the credit. The decree of annulment had the effect, of course, of destroying the marriage relationship from its beginning, but it does not have the effect of avoiding transactions between the parties with relation to property occurring during its existence, unless these are made an issue in the suit. The decree in this instance did not purport to adjudicate the property rights of the parties. The appellant can not, therefore, be heard to assert that the title to the property here in question revested in him by the rendering of the decree.

The appellant took exceptions to certain of the instructions given by the court to the jury, and excepts to the court's rulings in the admission and rejection

of evidence. But as these are founded on a view of law different from that which we have reached on the questions noticed, they require no special discussion.

The judgment is affirmed.

HOLCOMB, MAIN, and ASKREN, JJ., concur.